IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS BARELA,

       Plaintiff,

vs.                                                                        No. CV 19-1095 KG/SCY

CURRY COUNTY DETENTION CENTER,

       Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

       THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the handwritten complaint ("Complaint") (Doc. 1) and Amended Complaint (Doc. 6) filed by Plaintiff Luis Barela. The Court will dismiss the Complaint and Amended Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute.

       Plaintiff, Luis Barela, filed this civil rights proceeding under 42 U.S.C. § 1983. (Doc. 1). The Complaint was not in proper form for a civil rights complaint. (Doc. 1, Doc. 2 at 2). Plaintiff also did not pay the filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On November 26, 2019, the Court ordered Plaintiff to cure these deficiencies within 30 days by filing a complaint in proper form and either paying the filing fee or submitting an application to proceed *in forma pauperis*. (Doc. 2). The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 2 at 2). The Court also sent Plaintiff the forms for submitting a § 1983 complaint and an application under § 1915. (Doc. 2 at 2). More than 30 days elapsed after entry of the Court's Order to Cure Deficiencies and

1

Plaintiff did not submit a complaint in proper form, pay the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's November 26, 2019, Order.

As a result, on January 7, 2020, the Court entered an Order to Show Cause. (Doc. 3). The Order directed Plaintiff to submit a complaint in proper form, pay the filing fee, submit an application to proceed *in forma pauperis*, or show cause why the case should not be dismissed for failure to comply with the November 8, 2019, Order. (Doc. 3). The Court set a deadline of 30 days for Plaintiff to comply with the Order to Show Cause. (Doc. 3 at 2). On January 16, 2020, Plaintiff submitted a response indicating that he had not complied with the Order to Cure Deficiencies, in part, because someone has stolen part of the form application to proceed under § 1915. Plaintiff did not submit anything further to the Court within the 30-day time period.

On March 23, 2020, the Court entered a Second Order to Show Cause. The Court noted Plaintiff's January 16, 2020, response, sent Plaintiff a second form application to proceed under § 1915, and once more directed Plaintiff to comply with the November 26, 2019, Order to Cure Deficiencies or otherwise show cause why the case should not be dismissed. (Doc. 5). Plaintiff did not file a response to the Second Order to Show Cause. Instead, on April 1, 2020, he filed a handwritten Amended Complaint and an Application to Proceed under § 1915 on the form supplied by the Court. The Amended Complaint is only one paragraph long and is even more deficient than Plaintiff's original filing. (*See* Doc. 6). Plaintiff also submitted a filing title "Relief Sought." Plaintiff's filing states:

> Therefore the defendant did violate state law by allow Black male etc. This facility has violated OSHA Codes and State Codes. The sum of 80,000 will be due to medical bills and to provent any future medical assistance that may be needed.

(Doc. 8 at 1) (errors in the original). Plaintiff has never used the form civil rights complaint provided to him and has never filed a complaint in proper form.

2

Plaintiff's Application to Proceed *in forma pauperis* is deficient also because it does not include the 6-month inmate account statement required by 28 U.S.C. § 1915(b) and by the official form Application to Proceed under § 1915 that was provided to and used by Plaintiff (*See* Doc. 7 at 1). The Application submitted by Plaintiff states, "I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months foe [sic] any institutional account in my name." (Doc. 7 at 1). However, no six-month institutional account was attached.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

Plaintiff has failed to comply with the Court's three prior orders; statutory provisions, including 28 U.S.C. § 1915; Fed. R. Civ. P. 8 and 11; D.N.M. LR-Civ. 83.6; and to prosecute this action. The Court may dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, to comply with statutes, and to comply with court orders. *Olsen v. Mapes*, 333 F.3d at 1204, n. 3. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with statutes, rules, and Court Orders and failure to prosecute this proceeding.

IT IS ORDERED that the Complaint (Doc. 1) and the Amended Complaint (Doc. 6) filed by Plaintiff Luis Barela are DISMISSED without prejudice under Fed. R. Civ. P. 41(b) for

failure to comply with rules, statutes, and the Court's Orders, and failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE