IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS BARELA,

       Plaintiff,

vs.                                         No. CV 19-1095 KG/SCY

CURRY COUNTY DETENTION CENTER,

       Defendant.

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION

       THIS MATTER is before the Court on the Motion to Reconsideration (Doc. 11) filed by Plaintiff Luis Barela.  The Court will deny the Motion to Reconsideration.

       Plaintiff, Luis Barela, filed this civil rights proceeding under 42 U.S.C. § 1983.  (Doc. 1). The Complaint was not in proper form for a civil rights complaint.  (Doc. 1, Doc. 2 at 2). Plaintiff also did not pay the filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915.  On November 26, 2019, the Court ordered Plaintiff to cure these deficiencies within 30 days by filing a complaint in proper form and either paying the filing fee or submitting an application to proceed *in forma pauperis.*  (Doc. 2).  The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice.  (Doc. 2 at 2).  The Court also sent Plaintiff the forms for submitting a § 1983 complaint and an application under § 1915.  (Doc. 2 at 2).  More than 30 days elapsed after entry of the Court's Order to Cure Deficiencies and Plaintiff did not submit a complaint in proper form, pay the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's November 26, 2019, Order.

As a result, on January 7, 2020, the Court entered an Order to Show Cause.  (Doc. 3).
The Order directed Plaintiff to submit a complaint in proper form, pay the filing fee, submit an
application to proceed *in forma pauperis*, or show cause why the case should not be dismissed
for failure to comply with the November 8, 2019, Order.  (Doc. 3).  The Court set a deadline of
30 days for Plaintiff to comply with the Order to Show Cause.  (Doc. 3 at 2).  On January 16,
2020, Plaintiff submitted a response stating he had not complied with the Order to Cure
Deficiencies, in part, because someone stole part of the form application to proceed under §
1915.  Plaintiff did not submit anything further to the Court within the 30-day time period.

On March 23, 2020, the Court entered a Second Order to Show Cause.  The Court noted
Plaintiff's January 16, 2020, response, sent Plaintiff a second form application to proceed under
§ 1915, and once more directed Plaintiff to comply with the November 26 Order to Cure
Deficiencies or otherwise show cause why the case should not be dismissed.  (Doc. 5).  Plaintiff
did not file a response to the Second Order to Show Cause.  Instead, on April 1, 2020, he filed a
handwritten Amended Complaint and an Application to Proceed under § 1915 on the form
supplied by the Court.  The Amended Complaint is only one paragraph long and is even more
deficient than Plaintiff's original filing.  (*See* Doc. 6).  Plaintiff also submitted a filing title
"Relief Sought."  Plaintiff's filing states:

> Therefore the defendant did violate state law by allow Black male etc.
> This facility has violated OSHA Codes and State Codes.  The sum of
> 80,000 will be due to medical bills and to provent any future medical
> assistance that may be needed.

(Doc. 8 at 1) (errors in the original).  Plaintiff never used the form civil rights complaint
provided to him and never filed a complaint in proper form.

Plaintiff's Application to Proceed *in forma pauperis* was also deficient because it did not include the 6-month inmate account statement required by 28 U.S.C. § 1915(b) and by the official form Application to Proceed under § 1915 that was provided to and used by Plaintiff. (*See* Doc. 7 at 1).  The Application submitted by Plaintiff states "I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name." (Doc. 7 at 1).  However, no six-month institutional account was attached.

Based on Plaintiff's failure to cure the deficiencies in his filings, failure to show cause, and failure to prosecute, the Court dismissed the case without prejudice under Fed. R. Civ. P. 41(b) and entered Judgment on April 30, 2020.  (Doc. 9, 10).  More than a month later, Plaintiff filed his Motion to Reconsideration.  (Doc. 11).  In his Motion, Plaintiff claims his failure to comply with the Court's orders and rules was his "assistant's fault."  (Doc. 11 at 1).  He included the first page of the official form Application to Proceed under § 1915 but did not submit the rest of the form and did not include a 6-month inmate account statement.  (Doc. 11).  His Motion also did not address the deficiencies in the form and substance of his Complaint and Amended Complaint.  On November 4, 2020, he submitted another document titled "Relief Requested" seeking to add a prayer for an additional $90,000 in relief.  (Doc. 13).

The Court's Memorandum Opinion and Order and the Judgment were entered on April 30, 2020.  (Doc. 9, 10).  Plaintiff Barela filed his Motion for Reconsideration of the Court's dismissal on June 8, 2020.  (Doc. 11).  Because Plaintiff Barela's Motion for Reconsideration was not filed within twenty-eight days after entry of Judgment, the Motion is not a timely motion to alter or amend judgment under Fed. R. Civ. P. 59(e).  The Court denies the Motion as untimely.

Alternatively, the Court also denies the Motion on the merits.  Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995).  A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings.  *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff Barela's Motion to Reconsideration does not address in any way the basis for the Court's dismissal due to Barela's failure to cure the deficiencies in  his pleadings and failure to pay the filing fee or submit a complete application to proceed in proper form.  Plaintiff Barela does not contend that there has been an intervening change in the controlling law or that there is new evidence that was previously unavailable.  *Brumark Corp.,* 57 F.3d at 948.  Nor does his Motion argue that the Court's dismissal of this case without prejudice for failure to pay the filing fee and to comply with a Court order constitutes clear error or causes manifest injustice.  *Id.* Plaintiff Barela presents no basis for the Court to reconsider its dismissal and the Court will deny his Motion to Reconsideration.  *Van Skiver,* 952 F.2d at 1243; *Servants of Paraclete*, 204 F.3d at 1012.

Further, the Court dismissed Barela's Complaint and Amended Complaint *without prejudice* to filing a new case by Barela.  (Doc. 9, 10).  The Court notes that, shortly after the Court's dismissal of this case, Plaintiff Barela filed a new case that remains pending before the Court.  *See Luis Barela v. Curry County Adult Detention Center,* No. CV 20-00707 MV/GBW. There is no reason for the Court to reconsider and reopen this case.  Also pending before the

Court in this case is Plaintiff's "Relief Requested."  (Doc. 13).  The Court will deny the Relief

Requested as moot in light of the denial of the Motion for Reconsideration.

      IT IS ORDERED that the Motion to Reconsideration (Doc. 11) and the Relief Requested

(Doc. 13) filed by Plaintiff Luis Barela are DENIED.

UNITED STATES DISTRICT JUDGE